COURT OF COMMON PLEAS
05/03/2021 4:54 PM
FILED
ROSS COUNTY COMMON PLEAS
CLERK OF COURTS

**IN THE COURT OF COMMON PLEAS**
**ROSS COUNTY, OHIO**

| | | |
|---|---|---|
| AMY RIFE | ) | CASE NO. |
| 327 McKellar Street | ) | |
| Chillicothe, Ohio 45601, | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| ADENA HEALTH SYSTEM | ) | |
| 272 Hospital Road | ) | **JURY DEMAND ENDORSED** |
| Chilicothe, Ohio 45601 | ) | **HEREIN** |
| | ) | |
| Defendant. | ) | |

Plaintiff, Amy Rife, by and through undersigned counsel, as her Complaint against Defendant Adena Health System ("Adena"), states and avers the following:

**PARTIES AND VENUE**

1. Rife is a resident of the city of Chillicothe, Ross County, Ohio.

2. At all times herein, Rife was acting in the course and scope of her employment.

3. Adena is a domestic corporation that does business at 272 Hospital Road, Chillicothe, Ross County, Ohio 45601.

4. Adena is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

5. All of the material events alleged in this Complaint occurred in Ross County, Ohio.

6. Personal jurisdiction is proper over Adena pursuant to R.C. § 2307.382(A)(1) and (4).

7. Venue is proper pursuant to Civ. R. 3(C)(3) and (6).

8. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

The Employee's Attorney.™



## FACTS

9. Rife is a former employee of Adena.

10. On or about July 25, 2018, Rife began working for Adena.

11. Adena employed Rife as a housekeeper.

12. At all times herein, Rife was qualified for the position of housekeeper.

13. Adena was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

14. At times relevant herein, Rife was employed by Adena for at least 12 months and had at least 1,250 hours of service with Adena and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

15. On or about November 6, 2019, Rife injured her back at work ("Workplace Injury").

16. On or about November 6, 2019, Rife notified Adena about the Workplace Injury.

17. Because of the Workplace Injury, Rife has a herniated disc in her back ("Rife's Condition").

18. In or about November 2019, Rife filed for Workers' Compensation due to the Workplace Injury.

19. Rife's Condition is a physical impairment.

20. Rife's Condition significantly limits her in one or more major life activities, including standing.

21. Rife's Condition significantly limits her in one or more major life activities, including walking.

22. Rife has a record of physical impairment.

23. Because of Rife's Condition, Adena perceived Rife as disabled.

24. Rife is disabled within the meaning of R.C. § 4112.01 *et seq.*



25. Rife was able to perform her essential job functions.
26. After the Workplace Injury, Rife applied for intermittent FMLA leave ("First FMLA Request").
27. Adena approved the First FMLA Request.
28. In or about April 2020, Adena furloughed Rife ("Furlough").
29. In or about April 2020, Adena furloughed a minority of the employees at its Chillicothe location.
30. Adena did not select which employees to furlough based on seniority.
31. Adena did not select which employees to furlough based on job performance.
32. Adena selected Rife for the Furlough because of her disability.
33. Adena selected Rife for the Furlough because of her perceived disability.
34. Adena selected Rife for the Furlough in retaliation for her use of qualified FMLA leave.
35. Adena selected Rife for the Furlough in retaliation for her filing for Workers' Compensation.
36. Adena selected Rife for the Furlough in order to interfere with her ability to use FMLA leave.
37. In or about August 2020, Rife re-applied for intermittent FMLA leave ("Second FMLA Request").
38. In or about August 2020, Adena rejected the Second FMLA Request.
39. In or about August 2020, Rife asked to receive intermittent leave due to Rife's Condition ("Request for Accommodation").
40. Adena denied the Request for Accommodation.
41. The Request for Accommodation was reasonable.
42. Adena could have granted the Request for Accommodation without undue burden.
43. Adena's denial of Rife's requests for leave was an adverse employment action.



44. Adena's denial of Rife's requests for leave was an adverse action.

45. After denying the Second FMLA Request and the Request for Accommodation, Adena gave Rife disciplinary points for absences relating to Rife's Condition.

46. On or about February 9, 2021, Adena terminated Rife's employment ("Termination").

47. Adena gave Rife the Termination because of her disability.

48. Adena gave Rife the Termination because of her perceived disability.

49. Adena gave Rife the Termination in retaliation for her use of FMLA leave.

50. Adena gave Rife the Termination in order to prevent her from using FMLA leave.

51. Adena gave Rife the Termination in retaliation for her filing for Workers' Compensation.

52. As a direct and proximate result of Adena's conduct, Rife suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

53. Rife restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

54. Adena treated Rife differently than other similarly-situated employees based on her disabling condition.

55. Adena treated Rife differently than other similarly-situated employees based on her perceived disabling condition.

56. On or about February 9, 2021, Adena terminated Rife's employment without just cause.

57. Adena terminated Rife's employment based on her disability.

58. Adena terminated Rife's employment based on her perceived disability.

59. Adena violated R.C. § 4112.02 when it discharged Rife based on her disability.

60. Adena violated R.C. § 4112.02 when it discharged Rife based on her perceived disability.



61. Adena violated R.C. § 4112.02 by discriminating against Rife based on her disabling condition.
62. Adena violated R.C. § 4112.02 by discriminating against Rife based on her perceived disabling condition.
63. Rife informed Adena about Rife's Condition.
64. Rife requested accommodation due to Rife's Condition, including intermittent leave.
65. Adena denied Rife's Request for Accommodation.
66. Adena did not engage in the interactive process to determine whether a reasonable accommodation was available.
67. As a direct and proximate result of Adena's conduct, Rife suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT II: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

68. Rife restates each and every prior paragraph of this Complaint, as if it were fully restated herein.
69. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.
70. Adena is a covered employer under FMLA.
71. During her employment, Rife qualified for FMLA leave.
72. During her employment, Rife requested FMLA leave.
73. Adena selected Rife for the Furlough in order to prevent Rife from using FMLA leave.
74. Adena unlawfully interfered with Rife's exercise of her rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.
75. As a direct and proximate result of Adena's conduct, Rife is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.



## COUNT III: RETALIATION IN VIOLATION OF FMLA

76. Rife restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

77. During her employment, Rife utilized FMLA leave.

78. After Rife utilized her qualified FMLA leave, Adena retaliated against her.

79. Adena retaliated against Rife by selecting her for the Furlough.

80. Adena retaliated against Rife by terminating her employment.

81. Adena willfully retaliated against Rife in violation of 29 U.S.C. § 2615(a).

82. As a direct and proximate result of Adena's wrongful conduct, Rife is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT IV: WORKERS' COMPENSATION RETALIATION

83. Rife restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

84. Adena selected Rife for the Furlough because of her filing a claim for Workers' Compensation benefits.

85. Adena denied Rife's requests for leave because of her filing a claim for Workers' Compensation benefits.

86. On or about February 9, 2021, Adena terminated Rife's employment.

87. Adena terminated Rife's employment in retaliation for Rife filing a claim for Workers' Compensation benefits.



88. Rife was discharged without just cause for filing a claim for Workers' Compensation benefits, Rife is therefore entitled to recover damages from Adena for its wrongful discharge of her in retaliation for filing a claim for Workers' Compensation benefits under R.C. § 4123.90.
89. As a direct and proximate result of Adena's conduct, Rife has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff Rife respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Adena retroactively to restore Rife to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Adena of compensatory and monetary damages to compensate Rife for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Adena in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Rife's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.



Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Amy Rife*

## JURY DEMAND

Plaintiff Rife demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)

