UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMY RIFE,

          Plaintiff,

    v.                                 **Civil Action 2:21-cv-2451**
                                        **Judge Sarah D. Morrison**
                                        **Magistrate Judge Chelsey M. Vascura**

ADENA HEALTH SYSTEM,

          Defendant.

## REPORT AND RECOMMENDATION

Plaintiff commenced this action in the Court of Common Pleas for Ross County, Ohio, on April 14, 2021, Defendant removed the action to this Court on May 12, 2021. (ECF No. 1.) On September 3, 2021, then-counsel for Plaintiff filed a Motion to Withdraw as counsel, on the grounds that counsel's many attempts to reach Plaintiff through various means over the course of a month were unsuccessful. (ECF No. 14.) The Court granted Plaintiff's counsel's motion to withdraw on September 29, 2021. (ECF No. 15.)

The docket reflects that since that time, Plaintiff has not retained new counsel and has taken no other action in the case. On November 22, 2021, Defendant filed a Motion to Vacate Mediation and for Show Cause Order to be Issued to Plaintiff, representing that Plaintiff had not responded to Defendant's discovery requests or correspondence regarding the Court's directive for the parties to confer as to whether mediation should go forward in December 2021. (ECF No. 17.) As a result, on November 23, 2021, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to prosecute based on her failure to participate in discovery and Court-ordered discussions regarding mediation. (ECF No. 18.) Plaintiff was

expressly cautioned that "failure to show cause will result in dismissal of this action for failure to prosecute." (*Id.*) To date, Plaintiff has failed to respond in any way to the Show Cause Order.

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of this action with prejudice pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff failed to participate in discovery, failed to engage in Court-ordered discussions regarding mediation, and failed to comply with the Court's Show Cause Order. (*See* ECF Nos. 17–18.) Moreover, the Court explicitly cautioned Plaintiff in the Show Cause Order

that failure to comply could result in dismissal of this action for failure to prosecute pursuant to Rule 41(b).  *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate).  Plaintiff's failure to timely comply with the clear orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct.  *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").  Because Plaintiff has missed these deadlines and disregarded the Court's Orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Credit One Financial **WITH PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE